**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**RAYMOND M. CATANIA,**

                                **Plaintiff,**

        **-v-**                                                        **19-CV-677JLS(Sr)**

**THERESA WEREMBLEWSKI,**

                                **Defendant.**

---

**REPORT, RECOMMENDATION AND ORDER**

        This case was referred to the undersigned by the Hon. John L. Sinatra,

pursuant to 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon

dispositive motions. Dkt. #13.


        Plaintiff commenced this action, *pro se*, using the form provided by the

Court for discrimination complaints. Dkt. #1. Plaintiff checked the line indicating that he

is claiming discrimination based upon race, color, gender, religion or national origin in

violation of Title VII of the Civil Rights Act of 1964, but subsequently indicates that he

was discriminated against on the basis of his disability and his employer's perception of

him as being disabled. Dkt. #1. Plaintiff alleges that he commenced employment with

First Student on February 15, 2015 and that he disclosed his disability to his employer

at the commencement of his employment. Dkt. #1.


        Defendant moves to dismiss plaintiff's complaint on the ground that she is

an improper party and that plaintiff has failed to allege sufficient factual allegations to

state a claim of employment discrimination.  Dkt. #12. Defendant's memorandum of law argues that defendant was employed by Company Health Medicine, a separate entity from plaintiff's employer, First Student. Dkt. #12, p.5.

Plaintiff responds that defendant informed his supervisor that he failed his required physical examination and informed the Department of Transportation/ Department of Motor Vehicles that he was not fit to drive a school bus even though he had passed his physical and been cleared to drive on August 2, 2016. Dkt. #15. Plaintiff submits a Medical Examiner's Certificate signed by defendant on August 2, 2016, indicating that she had examined plaintiff and found him qualified under Federal Motor Carrier Safety Regulations, albeit for one year rather than two years because of his anxiety. Dkt. #15, p.6. Plaintiff also submits a form from Company Health Medicine, PLLC, entitled "DOT EXAMINATION GUIDELINES FOR Anxiety" which was requested by defendant and signed by plaintiff's health care provider on August 16, 2016, indicating that plaintiff had been diagnosed with anxiety on March 6, 2015 and had been prescribed medication and counseling. Dkt. #15, p.10. The form also indicates that plaintiff experienced "prominent negative symptoms" of "Attentional difficulties" and "Memory, concentration problems" from July 15, 2016 to August 12, 2016. Dkt. #15, p.10. Plaintiff claims that he was mistreated at First Student as a result of "false allegations" and that First Student used the defendant to prevent his continued employment with First Student. Dkt. #16. Plaintiff also submits a copy of his pay stub from First Student Management LLC. Dkt. #17.

-2-

To survive a motion to dismiss pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011). Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S.at 679.

In the context of employment discrimination, the complaint need not contain specific facts to establish a *prima facie* case of discrimination, but must allege enough facts to state a claim to relief that is plausible on its face. *Allessi v. N.Y. State Dep't of Corrs & Cmty. Supervision,* 16 F. Supp.3d 221, 226-27 (W.D.N.Y. 2014). However, the elements of a *prima facie* case provide an outline of what is necessary to render plaintiff's claims plausible and may, therefore, be considered in assessing whether there is sufficient factual matter in the complaint which, if true, provides the defendant with fair notice of plaintiff's claim, and the grounds on which it rests. *Kelly v. New York State Office of Mental Health,* 200 F. Supp.3d 378, 389 (E.D.N.Y. 2016).

When considering a motion to dismiss the claims of a plaintiff proceeding *pro se*, courts construe the pleadings liberally, reading such submissions to raise the strongest arguments they suggest. *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001). A *pro se* litigant should be afforded every reasonable opportunity to demonstrate a valid claim. *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984).

In the instant case, the limited factual allegations presented to the Court suggest that plaintiff is claiming employment discrimination on the basis of his actual or perceived disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112 *et. seq*. Title I of the ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To state a claim of employment discrimination under the ADA, a plaintiff must plausibly allege that: (1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodations; and (4) plaintiff suffered an adverse employment action because of his disability or perceived disability. A covered entity is defined to include an employer, employment agency, labor organization, or joint labor-management committee. 42 U.S.C. § 121121(2). There is no individual liability under the ADA. *Murray v. Tanea*, 357 F. Supp.3d 226, 230 (W.D.N.Y. 2019).

-4-

Plaintiff does not allege that defendant - an individual employed by a separate entity than plaintiff's employer - is a covered entity subject to liability under the ADA. Accordingly, it is recommended that defendant's motion to dismiss be granted without prejudice to allow plaintiff the opportunity to assert an alternative cause of action against the defendant or to move to add a covered entity as a defendant to an ADA claim. Plaintiff is advised that any such amended complaint must include sufficient factual allegations to plausibly allege an actionable claim and cure the deficiencies identified in this report, recommendation and order.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:    Buffalo, New York
January 12, 2022

<u>    s/ H. Kenneth Schroeder, Jr.  </u>
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

-6-