UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

RAYMOND CATANIA,

    Plaintiff,

v.                                                                                    19-CV-677 (JLS) (HKS)

THERESA WEREMBLEWSKI,

    Defendant.

———————————————————————

## DECISION AND ORDER

Plaintiff Raymond Catania commenced this action on May 24, 2019, alleging employment discrimination claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990 ("ADA") based on his employment with First Student. Dkt. 1. Defendant Theresa Weremblewski moved to dismiss the complaint on August 5, 2020. Dkt. 12. Plaintiff submitted a letter and a pay stub in response to Defendant's motion. Dkt. 16; Dkt. 17. Defendant did not reply.

This Court referred the case to United States Magistrate Judge H. Kenneth Schroeder, Jr. for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 13. On January 12, 2022, Judge Schroeder issued a Report, Recommendation and Order ("R&R"), recommending that this Court grant Defendant's motion to dismiss because Plaintiff does not allege that Defendant is "a covered entity subject to liability under the ADA." Dkt. 18, at 5. Judge Schroeder recommended granting Defendant's motion without prejudice, to allow Plaintiff "the opportunity to assert

an alternative cause of action against the defendant or to move to add a covered entity as a defendant to an ADA claim." *Id.*

On January 27, 2022, Plaintiff submitted a motion for an extension of time, with attached declaration. Dkt. 19. The Court granted Plaintiff's request and issued a briefing schedule, setting a February 25, 2022 deadline for any objections to the R&R. Dkt. 20. Plaintiff did not submit any additional documents.

Because the declaration attached to Plaintiff's motion for an extension of time addresses the substance of his complaint, the Court liberally construes that motion as an objection to the R&R. *See Wells v. Annucci*, No. 19-cv-3841, 2019 WL 2209226, at *1 (S.D.N.Y. May 21, 2019). The declaration states that Plaintiff received a physical in August 2016, and that the physical indicated he could drive a school bus. *See* Dkt. 19, at 3.[1] It further states that Defendant deemed Plaintiff unfit to drive and sought to restrict his license. *See id.* Plaintiff's declaration does not address whether Defendant is an entity covered by the ADA. *See generally id.* Defendant did not respond to the declaration.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] Page references to Dkt. 19 are to the numbering automatically generated by CM/ECF, which appears in the header of each page.

2

This Court carefully reviewed the R&R and the relevant record. Based on its *de novo* review[2]—and construing Plaintiff's pleadings liberally based on his *pro se* status, the Court accepts and adopts Judge Schroeder's recommendation to grant Defendant's motion to dismiss, without prejudice.

### ORDER

For the reasons stated above and in the R&R, the Court GRANTS Defendant's motion to dismiss (Dkt. 12), without prejudice.

Plaintiff may file an amended complaint by **May 11, 2022**. If Plaintiff does not file an amended complaint by **May 11, 2022**, his complaint will be dismissed with prejudice, and the case will be closed.

The Clerk of Court shall send a copy of this decision and order to Plaintiff at his address of record.

SO ORDERED.

Dated:    April 11, 2022
          Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[2] In light of Plaintiff's *pro se* status, the Court conducted a *de novo* review, without deciding whether Plaintiff's submission at Dkt. 19 was an objection that required *de novo* review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).