**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
─────────────────────────────────────

**RAYMOND M. CATANIA,**
                                    **Plaintiff,**

           **-v-**                                    **19-CV-677JLS(Sr)**

**THERESA WEREMBLEWSKI,**

**FIRST STUDENT,**

**and**

**COMPANY HEALTH,**

                                    **Defendants.**
─────────────────────────────────────

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. John L. Sinatra, pursuant to 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #13.

Currently before the Court are motions to dismiss by First Student (Dkt. #38), and Company Health. Dkt. #43. For the following reasons, it is recommended that the motions be granted.

## BACKGROUND

Plaintiff commenced this action, *pro se*, using the form provided by the Court for discrimination complaints. Dkt. #1. Plaintiff checked the line indicating that he is claiming discrimination based upon race, color, gender, religion or national origin in

violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), but subsequently indicated that he was discriminated against on the basis of his disability and his employer's perception of him as being disabled. Dkt. #1. Plaintiff named Theresa Weremblewski as a defendant in the caption and named First Student as a party in response to a question asking for the name of the employer that discriminated against him. Dkt. #1. Plaintiff alleged that he commenced employment with First Student on February 15, 2015; disclosed his disability to his employer at the commencement of his employment; and was first subjected to alleged discrimination on June 7, 2016. Dkt. #1. Plaintiff indicated that First Student employs 300 employees. Dkt. #1. Plaintiff provided addresses for both Theresa Weremblewski and First Student. Dkt. #1. Plaintiff attached a copy of a Dismissal and Notice of Rights ("Right to Sue Letter"), from the U.S. Equal Employment Opportunity Commission ("EEOC"), dated February 27, 2019, which was copied to First Student. Dkt. #1.

By Order entered April 29, 2020, the Hon. John Sinatra granted plaintiff's motion to proceed *in forma pauperis* and directed the Clerk of the Court to file plaintiff's papers and cause the United States Marshal to serve copies of the summons, complaint and screening order pursuant to 28 U.S.C. § 1915(e)(2). Dkt. #6. Plaintiff was instructed that it was his responsibility to request an extension of time if service had not been completed within 90 days. Dkt. #6.

The Clerk of the Court issued a Summons for Theresa Weremblewski; it was returned unexecuted on May 11, 2020. Dkt. #7. By Notice of Motion for Service by

US Marshal dated June 19, 2020, plaintiff provided an updated address for Theresa Weremblewski (Dkt. #8), and on July 7, 2020, Judge Sinatra found good cause to extend the time to serve the summons and complaint upon Theresa Weremblewski for an additional 90 days. Dkt. #9. The Clerk of the Court re-issued the Summons and the United States Marshal requested waiver of service, which Theresa Weremblewski acknowledged on July 13, 2020. Dkt. #11.

Theresa Weremblewski moved to dismiss plaintiff's complaint on the ground that she was an improper party and that plaintiff failed to allege sufficient factual allegations to state a claim of employment discrimination.  Dkt. #12. Her memorandum of law argued that she was employed by Company Health Medicine, a separate entity from plaintiff's employer, First Student. Dkt. #12, p.5.

Plaintiff responded that Theresa Weremblewski informed his supervisor that plaintiff failed his required physical examination and informed the Department of Transportation/ Department of Motor Vehicles that he was not fit to drive a school bus even though he had passed his physical and been cleared to drive on August 2, 2016. Dkt. #15. Plaintiff submitted a Medical Examiner's Certificate signed by Theresa Weremblewski on August 2, 2016, indicating that she had examined plaintiff and found him qualified under Federal Motor Carrier Safety Regulations, albeit for one year rather than two years because of his anxiety. Dkt. #15, p.6. Plaintiff also submitted a form from Company Health Medicine, PLLC, entitled "DOT EXAMINATION GUIDELINES FOR Anxiety" which was requested by Theresa Weremblewski and returned by

plaintiff's health care provider, M. Sadiqur Rahman on August 16, 2016, indicating that plaintiff had been diagnosed with anxiety on March 6, 2015 and had been prescribed medication and counseling. Dkt. #15, p.10. The form indicates that plaintiff experienced "prominent negative symptoms" of "[a]ttentional difficulties" and "[m]emory, concentration problems" from July 15, 2016 to August 12, 2016. Dkt. #15, p.10. Plaintiff claims that he was mistreated at First Student as a result of "false allegations" and that First Student used Theresa Weremblewski to prevent his continued employment with First Student. Dkt. #16. Plaintiff also submitted a copy of his pay stub from First Student Management LLC ("First Student"), revealing a total of 3 hours of meeting pay for the period ending August 28, 2016 . Dkt. #17.

By Report, Recommendation and Order entered January 12, 2022, this Court recommended that Theresa Weremblewski's motion to dismiss be granted without prejudice to allow plaintiff the opportunity to assert an alternative cause of action against her or to move to add a covered entity subject to liability under the ADA as a defendant. Dkt. #18. Plaintiff was advised that any such amended complaint must include sufficient factual allegations to plausibly allege an actionable claim and cure the deficiencies identified in the Report, Recommendation and Order. Dkt. #18.

In response to the Report, Recommendation and Order, plaintiff submitted a declaration stating that his anxiety was not an issue when he passed a medical exam with Theresa Weremblewski for another bus company on August 2, 2016, but when his employer, First Student, ordered him to undergo a new physical three weeks later,

-4-

Theresa Weremblewski deemed plaintiff "unfit to drive and called Albany to restrict [plaintiff's] license." Dkt. #19.

By Decision and Order entered April 11, 2022, Judge Sinatra adopted this Court's Report, Recommendation and Order and dismissed plaintiff's complaint without prejudice to permit filing an amended complaint. Dkt. #21.

Plaintiff filed an amended complaint using the form provided by the Court for discrimination complaints. Dkt. #22. Theresa Weremblewski is identified in the caption; Company Health is identified as the discriminating entity; and First Student is identified as plaintiff's employer. Dkt. #22. Plaintiff claims discrimination in violation of Title VII, as well as the American with Disabilities Act of 1990 ("ADA"). Dkt. #22. The amended complaint alleges that plaintiff commenced employment with First Student on February 15, 2015; disclosed his disability to his employer at the commencement of his employment; and was first subjected to alleged discrimination on June 7, 2016. Dkt. #22. Plaintiff alleges that First Student employs 300 employees and Company Health employs 5 employees.[1] Dkt. #22.

On February 3, 2024, the Court directed service of the amended complaint upon Company Health and First Student by the United States Marshal within 90 days. Dkt. #24. Company Health acknowledged receipt of the Summons and

---

[1] Linda Roblee, Office Manager for Company Health Medicine PLLC, declares that Theresa Weremblewski was an employee of Company Health from September 22, 2011 to September 28, 2018 and that Company Health "currently has 6 employees." Dkt. #43-4, ¶ 3.

Complaint on February 15, 2023. Dkt. #27. On March 6, 2023, First Student requested an extension of the deadline to respond to plaintiff's amended complaint, which was granted. Dkt. #28 & Dkt. #29.  The current motions to dismiss were subsequently filed by First Student (Dkt. #38), and Company Health. Dkt. #43.

In response to the motions to dismiss, plaintiff states that Theresa Weremblewski

> retaliated against me disqualifying me as a school bus driver. Weremblewski told DMV Albany I was unfit to drive a school bus. It was posted on the web[site]. Defamation of my character and damaging my reputation as a bus driver which in turn caused me to lose my job or any potential ones. My license was suspended (19A school bus driver) by her and I was warned not to drive any longer! See attached doctors note that was requested by the Nurse Weremblewski for evaluation?

Dkt. #45. A Psychiatric Attending Note from Muhammad Rahman, dated August 10, 2016, indicates a diagnosis of anxiety disorder and panic disorder responding to medication with attention, concentration, memory, insight and judgment "fairly intact." Dkt. #45, p.2 The Note states that plaintiff reported "feeling better" since his evaluation on July 27, 2016, "with less anxiety attacks without having palpitation, shortness of breath and dizziness." Dkt. #45, p.2. Plaintiff "expressed his intention to return to work as he is feeling better and he was assurance [sic] that he will not have to drive rather he will attend orientation for his next work assignment." Dkt. #45, p.2. Plaintiff "was recommended to return to work on 8/15/16 without any restrictions." Dkt. #45, p.2.

DISCUSSION AND ANALYSIS

Dismissal Standard

To survive a motion to dismiss pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011). Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S.at 679.

In the context of employment discrimination, the complaint need not contain specific facts to establish a *prima facie* case of discrimination, but must allege enough facts to state a claim to relief that is plausible on its face. *Allessi v. N.Y. State Dep't of Corrs. & Cmty. Supervision,* 16 F. Supp.3d 221, 226-27 (W.D.N.Y. 2014). However, the elements of a *prima facie* case provide an outline of what is necessary to render plaintiff's claims plausible and may, therefore, be considered in assessing whether there is sufficient factual matter in the complaint which, if true, provides the

defendant with fair notice of plaintiff's claim, and the grounds on which it rests. *Kelly v. New York State Office of Mental Health,* 200 F. Supp.3d 378, 389 (E.D.N.Y. 2016).

In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration 'to facts stated on the face of the complaint or incorporated by reference in the complaint, and to matters of which judicial notice may be taken.'" *Leonard F. v. Israel Discount Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999); *See also Kramer v. Time Warner, Inc*., 937 F.2d 767, 773 (2d Cir. 1991). "Where a plaintiff has relied on the terms and effect of a document in drafting the complaint and that document is thus integral to the complaint," the district court may consider the contents of the document "even if it is not formally incorporated by reference." *Broder v. Cablevision Sys. Corp*., 418 F.3d 187, 196 (2d Cir. 2005) (internal quotations omitted), *quoting Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). In addition, "[a] district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion." *Walker v. Schult*, 717 F.3d 119, 123 n.1 (2d Cir. 2013).

When considering a motion to dismiss the claims of a plaintiff proceeding *pro se*, courts construe the pleadings liberally, reading such submissions to raise the strongest arguments they suggest. *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001). A *pro se* litigant should be afforded every reasonable opportunity to demonstrate a valid claim. *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984).

**Theresa Weremblewski**

The factual allegations presented to the Court continue to suggest that plaintiff is claiming employment discrimination on the basis of his actual or perceived disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 *et. seq*. However, nothing in the record corrects the deficiency identified in the Court's prior Report, Recommendation and Order, *to wit*, there are no facts before this Court that plausibly suggest that Theresa Weremblewski is a covered entity under the ADA. As the Court previously determined, there is no individual liability under the ADA. *Murray v. Tanea*, 357 F. Supp.3d 226, 230 (W.D.N.Y. 2019); *See Sherman v. County of Suffolk*, 71 F. Supp.3d 332, 343 (E.D.N.Y. 2014) (an individual is not an employer under the ADA and may not, therefore, be liable for disability discrimination or retaliation).

To the extent that plaintiff seeks to assert a defamation claim against Theresa Weremblewski for statements in August of 2016 to either plaintiff's employer or the New York Department of Motor Vehicles, any such claim was time barred prior to the filing of the original complaint on May 24, 2019. "Under New York law, the statute of limitations for a defamation claim is one year." *McKenzie v. Dow Jones & Co., Inc*., 355 Fed. App'x 533, at *3 (2d Cir. 2009), *citing* N.Y.C.P.L.R. § 215(3). The statute runs from "the date on which the libelous material first was published, that is, displayed to a third party." *Tucker v. Wycoff Heights Med. Ctr*., 52 F. Supp.3d 583, 597 (S.D.N.Y. 2014). The statute of limitations for state common law claims is not tolled during the pendency

of an EEOC investigation. *Duran v. Jamaica Hosp.*, 216 F. Supp.2d 63, 67 (E.D.N.Y. 2002) (collecting cases).

### Company Health

Company Health argues that it is neither a covered entity under the ADA nor plaintiff's employer. Dkt. #43-5, p.8.

Title I of the ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). In order to establish a *prima facie* case of discrimination under the ADA, a plaintiff must plausibly allege that: (1) his employer is subject to the ADA; (2) he is disabled within the meaning of the ADA or perceived to be so by his employer; (3) he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (4) he suffered an adverse employment action because of his disability or perceived disability. *Lewis v. Livingston Cty. Ctr. for Nursing & Rehab.*, 30 F. Supp.3d 196, 208 (W.D.N.Y. 2014).

A covered entity is defined to include an employer, employment agency, labor organization, or joint labor-management committee. 42 U.S.C. § 12111(2). An employer is defined as a person engaged in an industry affecting commerce that has 15 or more employees for each working day in each of 20 or more calendar weeks in the

current or preceding calendar year, and any agent of such person, with exceptions that are not relevant here. 42 U.S.C. § 12111(5). An employee is defined as "an individual employed by an employer." 42 U.S.C. § 12111(4). Because neither definition is helpful in assessing whether an employment relationship exists as a practical matter, courts first determine whether the individual has received "direct or indirect renumeration from the alleged employer." *Gulino v. New York State Educ. Dep't.*, 460 F.3d 361, 371 (2d Cir. 2006), *cert. denied*, 554 U.S. 917 (2008). Assuming that prerequisite has been met, courts then assess the alleged employer's "right to control the manner and means by which the product is accomplished" by considering a "non-exhaustive, thirteen-factor list of considerations." *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 751-52 (2d Cir. 1989). Although no one factor is determinative, "the common-law element of control is the principal guidepost." *Gulino*, 460 F.3d at 371, *quoting Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 444-45 (2003).

Given that plaintiff's amended complaint alleges that Company Health employs 5 employees, which is less than the minimum number of employees to qualify as a covered entity, plaintiff's claim against Company Health should be dismissed for failure to meet the minimum number of employees required to be considered a covered entity under the statute. *See Stoutenger v. City of Fulton*, 605 F. Supp.3d 432, (N.D.N.Y. 2022) (collecting cases dismissing discrimination claim where complaint shows on its face that the element of statutory coverage is lacking). In addition, even the most generous reading of plaintiff's submissions to the Court fail to suggest any basis for deeming Company Health to be plaintiff's employer. Plaintiff submitted a copy

of his pay stub from First Student and does not allege any facts to suggest that Company Health exercised control over plaintiff's job responsibilities at First Student or would otherwise be liable under a single employer or joint employer theory. *See Kearney v. Kessler Family LLC*, 11-CV-6016, 2011 WL 2693892, at *5 (W.D.N.Y. July 11, 2011) (entity may be considered employer under single employer doctrine when two nominally distinct entities are actually a single integrated entity with interrelated operation, centralized control of labor relations, common management and common ownership or financial support or under joint employer doctrine when entities share common hiring, firing, discipline, pay, insurance, records and supervision). Company Health's assessment of plaintiff's ability to maintain certification to operate a commercial vehicle is insufficient to demonstrate an employment relationship between plaintiff and Company Health. *See, e.g. Millman v. CVS Caremark*, Civ. No. 15-134, 2015 WL 6760204, at *4 (E.D.N.Y. Nov. 5, 2015) (issuance of drug screen report by laboratory insufficient to plausibly allege control over employment relationship between plaintiff and prospective employer); *See also, Satterfeld v. Tennessee*, 295 F.3d 611, 618 (6th Cir. 2002) (reliance by plaintiff's employer upon results of physical examination conducted by third-party physician at health clinic did not establish employment relationship between plaintiff and health clinic). Accordingly, it is recommended that Company Health's motion to dismiss be granted.

**First Student**

*Exhaustion of Administrative Remedies*

First Student argues that plaintiff failed to exhaust his administrative remedies with the EEOC. Dkt. #38-1, p.8.

As a precondition to filing an employment discrimination claim in federal court, a plaintiff must first pursue available administrative remedies by filing a timely complaint with the EEOC or equivalent state agency. *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003). Because the failure to exhaust is an affirmative defense, the defendant bears the burden of demonstrating non-exhaustion. *Hendrix v. Pactiv LLC*, 488 F. Supp.3d 43, 52 (W.D.N.Y. 2020). A plaintiff is not required to plead exhaustion. *Frederic v. NFC Amenity Mgmt.* 17-CV-5769, 2018 WL 4735715, at *3 (S.D.N.Y. Sept. 28, 2018). Thus, although dismissal may be appropriate where the failure to exhaust is clear from the face of the complaint, that is not the case here; First Student is copied on the EEOC's Right to Sue Letter attached to plaintiff's complaint. Dkt. #1. Moreover, consideration of a declaration from First Student regarding this issue[2] is inappropriate in the procedural context of a motion to dismiss. See *Frederic*, 2018 WL 4735715, at *3 (assertion that defendant has not received notification from EEOC of any charge filed by plaintiff and that defendant was unaware of any such charge not proper for

---

[2] First Student submits a declaration from Becky Fellerhoff, Senior Manager, Equal Employment Opportunity, indicating that First Student maintains a database of EEOC charges and receives notifications and documents associated with EEOC charges by email, but has no such information relating to plaintiff. Dkt. #38-5. Ms. Fellerhoff further declares that she has not located any emails that would support the conclusion that First Student was named in plaintiff's EEOC Charge. Dkt. #38-5.

consideration on a Rule 12(b)(6) motion). As the Court cannot determine at this point in time whether plaintiff properly exhausted his administrative remedies against First Student, it is recommended that this aspect of First Student's motion to dismiss be denied.

### Timeliness of Amended Complaint

A plaintiff asserting an employment discrimination claim under the ADA, must file suit in federal district court within ninety days of receipt of a right to sue letter from the EEOC. *Foster v. Walgreen Co.,* 12 F. Supp.3d 615, 617 (W.D.N.Y. 2014); *See* 42 U.S.C. § 12117(a). In the instant case, the original complaint was filed on May 24, 2019, which was within 90 days of the February 27, 2019 date on the Right to Sue Letter, and, therefore, timely. However, First Student was not recognized as a defendant in this action until plaintiff filed the amended complaint (Dkt. #22), on May 12, 2022.

First Student argues that the amendment of the complaint to name First Student cannot relate back to the filing of the original complaint because there is no evidence of mistake as to First Student's identity as a proper party and First Student was not named in this action until May 12, 2022, which is 1,091 days after the filing of the original complaint on May 24, 2019. Dkt. #38-1, pp.10-11.

FRCP 15(c)(1)(C) provides that an amendment to a pleading relates back to the date of the original pleading when the amendment changes the party against

whom a claim is asserted if the claim arose out of the conduct, transaction or occurrence set out in the original pleading and if, within the period provided by FRCP 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The conduct set forth in the amended complaint is the same as asserted in the original complaint. Moreover, First Student is named as a party in both the original and amended complaint. Despite the Court's failure to recognize First Student as a defendant in the original complaint, the Court presumes at this stage of the proceedings that defendant was aware of plaintiff's charge of discrimination by virtue of the fact that First Student is copied on the EEOC's Right to Sue Letter. *See Chin v. MTL LLC*, No. 6:18-CV-1340, 2020 WL 3971505, at *4 (N.D.N.Y. July 14, 2020) ("as the subject of an EEOC charge," plaintiff's employer "cannot claim to have been taken by surprise by the federal-court claim"). Therefore, the dispositive issue to be resolved in this motion is not whether plaintiff mistakenly failed to identify First Student as a proper party, but the timeliness of service upon First Student.

FRCP 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate

period. FRCP 4(m). Thus, while the Court must provide an extension for good cause, the Court has discretion to extend the time to effect service regardless. *Zapata v. City of N.Y.*, 502 F.3d 192, 196 (2d Cir. 2007), *cert. denied*, 552 U.S. 1243 (2008). "Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay." *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000). It "is evidenced only in exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control." *Feingold v. Hankin*, 269 F. Supp.2d 268, 276 (S.D.N.Y. 2003).

Once a plaintiff is granted permission to proceed *in forma pauperis*, the responsibility for effecting service of the summons and complaint shifts from the plaintiff to the court. 28 U.S.C. § 1915(d); *See Milner-Koonce v. Albany City Sch. Dist*., 21-CV-1271, 2022 WL 2339443, at *4 n.4 ("Courts within the Second Circuit regularly construe 28 U.S.C. § 1915 as making IFP available to any litigant who can meet the governing financial criteria."). As a result, once Judge Sinatra granted plaintiff's IFP motion, plaintiff was entitled to rely on the United States Marshals to effect service. *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir.), *cert. denied*, 568 U.S. 1031 (2012). So long as a plaintiff proceeding IFP "provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)." *Murray v. Pataki*, 378 Fed. App'x 50, 52 (2d Cir. 2010). Given that plaintiff identified his employer as a party and provided

the court with the information necessary to serve First Student at the time he filed his original complaint, the extension of the deadline for service upon First Student through May 3, 2024 was supported by good cause and service upon First Student was, therefore, timely. *See Chin*, 2020 WL 3971505, at *6 (N.D.N.Y. July 14, 2020) (finding service upon employer timely where Court, through the operation of its own rules concerning complaints filed with a motion for leave to proceed IFP, dismissed original complaint against individual employees and allowed plaintiff to file an amended complaint naming employer).  Accordingly, it is recommended that First Student's motion to dismiss the amended complaint as untimely be denied.


   *Failure to State A Claim*

   First Student argues that plaintiff has failed to plausibly allege sufficient facts to support a discrimination or retaliation claim. Dkt. #38-1, pp.11-14.


   As set forth above, Title I of the ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA also makes it unlawful for an employer to discriminate against any individual because such individual has opposed any act or practice made unlawful by the statute or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under the statute. 42 U.S.C. § 12203(a). In order to establish a *prima facie* case of discrimination under

the ADA, a plaintiff must plausibly allege that: (1) his employer is subject to the ADA; (2) he is disabled within the meaning of the ADA or perceived to be so by his employer; (3) he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (4) he suffered an adverse employment action because of his disability. *Lewis*, 30 F. Supp.3d at 208 (W.D.N.Y. 2014). To establish a *prima facie* reasonable accommodation claim, a plaintiff must plausibly allege that, with reasonable accommodation, he could perform the essential functions of the job at issue, but the employer has refused to allow such accommodation. *Id.* at 210. To establish a *prima facie* case of retaliation, a plaintiff must plausibly allege: (1) participation in a protected activity; (2) that the employer was aware of the protected activity; (3) an adverse employment action; and (4) a causal connection between the alleged adverse action and the protected activity. *Id.* "at 212. Requesting a reasonable accommodation for a disability constitutes protected activity. *Weixel v. Board of Educ. of N.Y.*, 287 F.3d 138, 149 (2d Cir. 2002).

Plaintiff's amended complaint fails to provide sufficient factual allegations to plausibly allege a disability discrimination, reasonable accommodation or retaliation claim against First Student. However, his submissions to the Court in response to motion practice suggest that plaintiff should be afforded a final opportunity to set forth such claims. As a result, it is recommended that First Student's motion to dismiss be granted without prejudice to the filing of a second amended complaint. Plaintiff is advised that his second amended complaint must include sufficient factual allegations

to plausibly allege an actionable claim and that his second amended complaint will completely replace the prior complaints in this action.

## **CONCLUSION**

For the foregoing reasons, it is recommended that the motions to dismiss by First Student (Dkt. #38), and Company Health (Dkt. #43), be granted.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an</u> <u>extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:    Buffalo, New York
          March 4, 2024

                    **s/ H. Kenneth Schroeder, Jr.**
                    **H. KENNETH SCHROEDER, JR.**
                    **United States Magistrate Judge**